# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

August 30, 2022

Honorable Hector Gonzalez
U. S. District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: US v. Zottola, et al, 18CR609(HG)**

Dear Judge Gonzalez:

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's rights under the common law and First Amendment to obtain access to several documents that were filed under seal yesterday in the criminal case that is slated to go to trial on September 6.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party seeking the unsealing of document #462, an *in limine* motion by the government to preclude or limit cross examination for certain Giglio disclosures. In addition, I also petition the Court to unseal Exhibit 2 of document #463, an *in limine* motion by defendant Zottola.

I ask that the Court treat this letter as a *pro se* motion to unseal, and list it as such on the court docket sheet, and designate the undersigned news reporter as a party in the case.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner*, 435 U.S. 589, 597 (1978); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post*, 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside*, 478 U.S. 1, 15 (1986); *Stone*, 855 F.2d at 180.

# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

this regard, several courts, including the Second Circuit, have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald,* 734 F.2d at 96. In re Application of Herald Co., 734 F.2d 93, 96 (2d Cir. 1984).

Since the 1970s, I have covered federal court proceedings as a staff reporter for the New York Post and New York Daily News, as a freelance writer, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

I have written and published numerous articles about this indictment, and I plan to continue writing[2] about this case until it is resolved.

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or other individuals, the public and the press have common law and First Amendment rights to all judicial documents in a criminal case.

Accordingly, I ask that you unseal the requested documents, with appropriate but limited redactions that may be necessary.

The undersigned petitioner knows of no factual or legal basis for the government or defendant to override the public's "presumptive right to inspect and copy public records and documents, including judicial records and documents" in this case. *FTC v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 408 (1st Cir. 1987) (quoting *Nixon v. Warner Commc'ns,* 435 U.S. 589, 597 (1978)).

Ultimately, the First Amendment "guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson,* 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.,* 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.")

---

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds,* Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo,* 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

2

# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

Here, the government has disclosed no reason – let alone an extraordinary or compelling one – that would trump the press and the public's First Amendment right to access the document seeking to preclude or limit the cross-examination of so-called Giglio material that normally discloses information regarding promises that the government has given to witnesses in the case. *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510-11 (1984) ("The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.")

This right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410. The stated presumption of openness applies to judicial records in civil as well as criminal matters.

The same legal reasons cited above apply even more so, it would seem, to the texts in Exhibit 2 that the defendant Zottola is seeking permission to introduce into evidence at the trial. That is so because those text messages purport to be non-criminal communications between Zottola and alleged co-conspirator Shelton, who pleaded guilty previously in this case, and cannot in any way be judged to endanger national security or any witnesses or parties not involved in the case.

For all the above-stated reasons, and for any other legal doctrine or precedent-setting dicta by the U.S. Supreme Court that this Court deems relevant and appropriate, I respectfully petition your Honor to unseal the cited government *in limine* motion, as well as Exhibit 2 of document # 463 on the grounds that sealing them was not "necessitated by a compelling United States interest."

Thank you.

Sincerely,

*[signature]*

Jerry Capeci

AUSAs Devon Lash, Andrew Roddin, Kayla Bensing, Emily Dean, and lawyers Ilana Haramati and Henry Mazurek