

THE LAW OFFICE OF
# MICHAEL A. MARINACCIO

245 MAIN STREET
SUITE 420
WHITE PLAINS, NY 10601

914-761-0707
(FAX) 914-761-0795

MICHAEL@MAMARINACCIOLAW.COM
WWW.MAMARINACCIOLAW.COM

September 4, 2022

Via ECF

Hon. Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                RE:   <u>United States v. Zottola, et. al.</u>
                       18 Cr 609 (S-3) (HG)

Dear Judge Gonzalez:

      On behalf of defendant Himen Ross, we respectfully join in co-defendant Anthony Zottola's memorandum in opposition to the government's motion to preclude or limit cross-examination of its civilian and law enforcement witnesses on their criminal histories or misconduct.

      Regarding CW 1 and CW 2, we note that in interviews with the government both detailed a lifetime of criminal activities, some of which resulted in formal criminal charges and others of which did not. CW 1, for example, acknowledged a history of illegal drug sales, extortion, credit card fraud, armed robbery and weapons possession. Similarly, CW 2 detailed a history of illegal drug sales, residential burglaries, robbery, assault and weapons possession.

      While the defense has not yet determined which of the criminal acts it may inquire about - cross-examination being a fluid and fact specific process - it is respectfully submitted that a witness' criminal behavior evidences a determination on to place his/her own self interest above that of society and therefore is directly probative of that witness' credibility.

      Similarly, the government's position regarding law enforcement witnesses focuses on whether another tribunal made a "credibility determination" regarding its findings concerning the allegations of misconduct. Their analysis neglects to take into account that the misconduct itself might, under certain circumstances, reflect negatively

## MICHAEL A. MARINACCIO, ESQ.

on a particular officer's credibility – a determination that is also necessarily fact specific and not amenable to the blanket preclusion the government seeks.

    For these reasons and those detailed in co-defendant Anthony Zottola's memorandum, the government's application should be denied.

Respectfully submitted,

/s/

Michael A. Marinaccio, Esq.
Elizabeth Macedonio, Esq.
Cory M. Garcia, Esq.

MAMROSSHonGonzelez090422