UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,


    – against –                                  No. 18-cr-609 (HG)

ANTHONY ZOTTOLA, SR.,

                     Defendant.
------------------------------------------------------------------------x


---

## DEFENDANT ANTHONY ZOTTOLA, SR.'S REQUESTS TO CHARGE

---


**MEISTER SEELIG & FEIN, LLP**
***Counsel for Anthony Zottola, Sr.***
125 Park Avenue, 7th Floor
New York, New York 10017
Phone: (212) 655-3500
Fax: (212) 655-3535

# TABLE OF CONTENTS

Request No. 1: Presumption of Innocence – Reasonable Doubt – Burden of Proof ..................... 3

Request No. 2: Government Witnesses – Cooperator Testimony .................................................. 4

Request No. 3: Law Enforcement Witness ................................................................................... 5

Request No. 4: Consideration of Evidence Against the Defendants ............................................. 6

Request No. 5: Multiple Counts.................................................................................................... 7

Request No. 6: Consider Each Count Separately.......................................................................... 8

Request No. 7: Consider Only the Charges .................................................................................. 9

Request No. 8: Count Two – Murder for Hire General Instructions ........................................... 10

Request No. 9: Count Two –  Elements of Murder for Hire........................................................ 11

Request No. 10: Count Two –  Interstate Travel or the Use of an Interstate Facility.................. 12

Request No. 11: Count Two – Intent to Commit Murder ............................................................ 13

Request No. 12: Count Two – Payment of Money or Other Item of Pecuniary Value ............... 14

Request No. 13: Count Two – Death or Personal Injury Resulted .............................................. 15

Request No. 14: Count One – Murder-For-Hire Conspiracy....................................................... 16

Request No. 15: Count One – Conspiracy – Elements ............................................................... 17

Request No. 16: Conspiracy – Existence of a Conspiracy........................................................... 18

Request No. 17: Conspiracy – Object of the Conspiracy ............................................................ 19

Request No. 18: Conspiracy – Membership in the Conspiracy ................................................... 20

Request No. 19: Conspiracy – Commission of Overt Act ........................................................... 22

Request No. 20: Conspiracy – Overt Act Was In Furtherance of the Conspiracy....................... 23

Request No. 21: Count Three - Unlawful Use and Possession of Firearms ................................ 24

Request No. 22: Count Three - Limiting Instruction .................................................................. 25

Request No. 23: Count Three - Elements of the Offense ............................................................ 26

Request No. 24: Count Three – Commission of Predicate Crime ............................................... 27

Request No. 25: Count Three –  Knowing Use of Firearm During and in Relation to Commission
of the Murder for Hire.................................................................................................................. 28

Request No. 26: Count Three – Brandishing, Discharging of Weapon........................................ 30

Request No. 27: Count Four – Causing Death Through Use of Firearm...................................... 31

Request No. 28: Count Four – Use, Carry, or Possess a Firearm ................................................ 32

Request No. 29: Count Four – In Relation to a Crime of Violence.............................................. 33

Request No. 30: Count Four – Causing the Death of Sylvester Zottola ...................................... 34

Request No. 31: Count Four – Murder Defined .......................................................................... 35

i

Request No. 32: Count Four – Willfully and Knowingly Defined ................................. 36

Request No. 33: Venue ................................................................................................. 37

Request No. 34: Character Evidence .......................................................................... 38

Request No. 35: Defense Theory of the Case ............................................................ 39

Request No. 36: Defendant's Statements .................................................................. 40

Request No. 37: Defendant's Right Not to Testify .................................................... 41

Pursuant to Federal Rule of Criminal Procedure 30, Defendant Anthony Zottola, Sr. hereby respectfully request that the Court include the following instructions in its charge to the Jury.

We make this submission prior to trial with the understanding that defendants may submit additional jury requests, or ask for modified instructions, in light of the evidence developed at trial or subsequent developments in the law.  Additionally, with the Court's permission, we will submit "defense theory" charges after the submission of evidence.

## **GENERAL REQUESTS**

Defendant Anthony Zottola, Sr., respectfully request that the Court charge the jury in its usual manner on the following subjects:

1. Role of the Court

2. Role of the Jury

3. Jury Communications with the Court

4. Government as a Party and Equality of the Parties Before the Court

5. Objections and Conduct of Counsel

6. Indictment as Accusation Only

7. Testimony and Exhibits

8. Number of Witnesses

9. Witness Credibility

10. Duty of Impartiality

11. Inconsistent Statements

12. Transcripts of Tape Recordings

13. Stipulations

14. Charts and Summaries

15. Expert Witnesses

16. Limited Use Evidence

17. Circumstantial and Direct Evidence

18. Inferences

19. Verdict Based on the Evidence

20. Right to See Exhibits and Have Testimony Read During Deliberations

21. Juror Notes and Jury's Recollection Controls

22. Verdict Must be Unanimous

**Request No. 1: Presumption of Innocence – Reasonable Doubt – Burden of Proof**

The law presumes each defendant to be innocent of all the charges. Thus, Mr. Zottola, Mr. Lopez and Mr. Ross, although accused, each begin the trial with a "clean state"—with no evidence against either of them. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. As a result, the presumption of innocence alone is sufficient to acquit the defendants, unless you as jurors are unanimously convinced beyond a reasonable doubt of a defendant's guilt after careful and impartial consideration of all the evidence in the case.

To convict the defendants, the burden is on the prosecution to prove the defendants' guilt of each element of the charges beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The government is not required to prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must therefore be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of that person's own affairs. The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

So, if the jury, after careful and impartial consideration of all the evidence in the case, or lack of evidence, has a reasonable doubt that a defendant is guilty of the charge, it must acquit that defendant. If the jury views the evidence in the case as reasonably permitting either of two conclusion—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.[1]

---

[1] Adapted from 1 L. Sand et al., MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), Inst. 4-1 (2010) (hereinafter "Sand"); 1A Kevin F. O'Malley et al., FEDERAL JURY PRACTICE & INSTRUCTIONS § 12:10 (6th ed. 2010); *United States v. Williams*, 690 F.3d 70 (2d Cir. 2012); *United States v. Shamsideen*, 511 F.3d 340 (2d Cir. 2007); *United States v. Lopez*, 584 F.2d 1175, 1179 n.4 (2d Cir. 1978).

## **Request No. 2: Government Witnesses – Cooperator Testimony**

You must consider some witnesses' testimony with more caution than others. For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

In this case, the U.S. Attorney's Office for the Eastern District of New York has given one witness immunity from prosecution in exchange for his testimony, and has made a plea agreement with one or more other witnesses in exchange for their testimony. Such agreements, including "plea bargaining," are lawful and proper, and the rules of this court expressly provide for them. Plea bargaining provides for the possibility of a lesser sentence than the witnesses would normally face. The government also promised to bring these witnesses' cooperation to the attention of the court that will issue their criminal sentences.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government. Testimony from a cooperating witness is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide whether to believe that testimony. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from that of an ordinary witness. A witness who realizes that he or she may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution has a motive to testify falsely. Therefore, you must examine the testimony of a cooperating witness with caution and weigh it with great care.

The fact that a witness has pled guilty to an offense is not evidence of the guilt of any other person. You are to draw no conclusions or inferences of any kind about Mr. Zottola, Mr. Lopez or Mr. Ross from the fact that a cooperating witness pleaded guilty to charges related to this case. The fact that a witness decided to plead guilty to certain charges arising from his conduct is a personal decision, and you cannot consider the fact that the witness decided to plead guilty to certain charges against any of the defendants in this courtroom because it was a personal decision on the part of that witness. It in no way changes the presumption of innocence that applies to Mr. Zottola, Mr. Lopez or Mr. Ross who are on trial here, a presumption that remains with them throughout the trial and into your jury deliberations unless and until you conclude that the government has proven either of their guilt by competent evidence beyond a reasonable doubt.[2]

---

[2] Adapted from Sand, Instr. 7-5, 7-10.

4

## **Request No. 3: Law Enforcement Witness**

You have heard the testimony of law enforcement officers.  The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of a witness not employed as a law enforcement officer.  You should evaluate such witness' testimony as rigorously as you evaluate the testimony of all other witnesses.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement witness, and to give that testimony whatever weight, if any, you find it deserves.[3]

---

[3] Adapted from Sand, Instr. 7-16.

## Request No. 4: Consideration of Evidence Against the Defendants

The indictment contains a total of four counts.  Each count charges a defendant with a different crime.  You must, as a matter of law, consider each count of the indictment and the defendant's involvement in that count separately.

In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty on each count must be based solely upon the evidence about the defendant. The case against the defendant, on each count, stands or falls upon the proof or lack of proof against the defendant alone.  No other considerations are proper.[4]

---

[4] Adapted from 1-3 Modern Federal Jury Instructions—Criminal, ¶ [3.02] (Matthew Bender).

### Request No. 5: Multiple Counts

With these preliminary instructions in mind, let us turn to the specific charges (or "counts" as they are sometimes called) against Mr. Zottola, Mr. Lopez and Mr. Ross. I will, at times, refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence. You should also know that there is no significance to the order of these numbers, or the specific number of counts charged, and indeed my instructions will follow a slightly different order than the order in which the various counts appear in the indictment.

There are four counts in the indictment. Mr. Zottola, Mr. Lopez and Mr. Ross are charged in Count One with murder-for-hire conspiracy, Count Two with murder-for-hire, Count Three with unlawful use and possession of firearms, and Count Four with causing Sylvester Zottola's death through use of a firearm. In a moment, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that you must consider each individual charge separately as to each defendant charged in that count, and evaluate each on the proof or lack of proof that relates to that charge.[5]

---

[5] Adapted from *United States v. Gupta*, No. 11-cr-907 (JSR), 2012 WL 3879352 (S.D.N.Y.) (Jury Instruction).

## **Request No. 6: Consider Each Count Separately**

The Indictment charges four separate counts against each of  Mr. Zottola, Mr. Lopez and Mr. Ross.  You must consider each count separately and return a separate verdict of not guilty or guilty on each count.  Whether you find the defendants not guilty or guilty as to one count should not affect your verdict as to the other counts charged.   In reaching a verdict on each count, you must do so solely on the evidence, or lack of evidence, presented against each of Mr. Zottola, Mr. Lopez and Mr. Ross on that count alone.[6]

---

[6] Adapted from Sand et al., Instr. 3-6.

8

## Request No. 7: Consider Only the Charges

The defendants are charged only with committing the offenses contained in the Indictment. They are not charged with any other crime.  You have heard evidence of other acts allegedly committed by the defendants and/or alleged co-conspirators. That evidence may be considered by you solely for a limited purpose. I will explain that limited purpose in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

There has been evidence that on a different occasion Mr. Zottola, Mr. Lopez or Mr. Ross is engaged in other offenses beyond the charges in the Indictment.  In that connection, let me remind you that the defendants are not on trial for committing those acts not alleged in the Indictment. Accordingly, you may not consider this evidence acts as a substitute for proof that the defendant has a criminal personality or bad character. The evidence of other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose. Specifically, you may not use this evidence to conclude that because the defendant or his alleged co-conspirators committed the other acts then the defendant must also have committed the acts charged in the Indictment. You are not permitted to make such inferences.[7]

---

[7] Adapted from Sand, Instrs. 3-3, 5-25.

**Request No. 8: Count Two – Murder for Hire General Instructions**

Count Two of the indictment charges that the defendants committed murder-for-hire. Specifically, with respect to Mr. Zottola, Mr. Lopez, and Mr. Ross, paragraph two of the Indictment alleges that:

> On or about and between November 1, 2017 and October 11, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALFRED LOPEZ, HIMEN ROSS, and ANTHONY ZOTTOLA, SR., together with others, did knowingly and intentionally use and cause another to use one or more facilities of interstate commerce, to wit: one or more cellular telephones, with intent that one or more murders be committed in violation of New York Penal Law Section 125.25, to wit: the murders of Sylvester Zottola and John Doe #1, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, and the death of Sylvester Zottola and the personal injury of John Doe #1 did result.

> Tile 18, United States Cde, Section 1958 provides criminal penalties for:

> Whoever travels in or causes another . . . to travel in interstate . . . commerce, or uses or causes another . . . to use the mail or any facility of interstate . . . commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so.

The statute defines "anything of pecuniary value" to mean "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage." It also defines "facility of interstate commerce" to include "means of transportation and communication."  I will tell you more about the specific elements of this crime in a few moments.

Count One of the Indictment alleges a conspiracy to murder-for-hire. I will first describe the crime of murder-for-hire before defining the crime of conspiracy

## Request No. 9: Count Two - Elements of Murder for Hire

To sustain its burden of proof that on the substantive crime charged in Count Two, the Government must prove beyond a reasonable doubt the following elements:

*First*, that one of the defendants or another member of the conspiracy either traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce;

*Second*, that the interstate conduct, whether undertaken by the one of the defendants or one of their co-conspirators, was done with the intent to help bring about the murder of another person; and

*Third*, that one of the defendants or one of their co-conspirators agreed to pay money or anything else of value to have these murders carried out; and

*Fourth* that Sylvester Zottola died or Salvatore Zottola suffered personal injury as a result of the defendant's participation in this offense.[8]

---

[8]  Adapted from Sand, Inst. 60-14.

11

**Request No. 10: Count Two - Interstate Travel or the Use of an Interstate Facility**

The first element that the Government must prove beyond a reasonable doubt for the crime charged in Count Two is that a person traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce with the intent that a murder-for-hire take place. The Government need only prove that a person either traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce; it need not prove both.

The crossing of a state or international border constitutes traveling in interstate or foreign commerce.

The term "facility of interstate or foreign commerce" includes means of transportation and communication. This includes, for example, the use of a telephone where the telephone network is capable of placing calls between states or internationally, regardless of whether or not the actual telephone call crossed state lines. This would also include using a portion of the interstate highway system, even if the use of the highway does not involve the crossing of a state line.

The travel in interstate or foreign commerce or the use of a facility of interstate commerce must have occurred to facilitate or further the commission of the murder-for-hire. It need not have been the only reason, or even the principal reason, for the use of the facility of interstate commerce, as long as it was one of the reasons for that use.

To meet its burden of proof on the first element, the Government need not prove that either of the defendants themselves traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce, or that the defendants even knew that another member of the conspiracy traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce. The Government need only prove that one of the defendants, or a co-conspirator, in fact traveled in interstate or foreign commerce or used or caused another person to use a facility of interstate or foreign commerce, with the intent that a murder-for-hire take place.[9]

---

[9] Adapted from Sand, Inst. 60-15.

12

## Request No. 11: Count Two – Intent to Commit Murder

The second element that the Government must prove is that the travel in interstate or foreign commerce or the use of a facility of interstate or foreign commerce was done with the intent that the individual or individuals identified in Count Two be murdered, in violation of the laws of the State of New York.  I instruct you that under the laws of New York, murder is defined as the unlawful killing of another person purposely or knowingly.  A person kills purposely when his conscious object is to cause the death of another person.  A person kills knowingly when he is aware that what he is doing will cause the death, or is practically certain to cause the death, of another person.

To satisfy this element, the Government does not have to prove that the murder was committed or even that it was attempted. It must prove that the travel in interstate or foreign commerce or the use of the facility of interstate or foreign commerce was done with the intent to further or facilitate the commission of the murder.

You thus are being asked to look into the mind of the defendants and ask what the was when they or their alleged co-conspirators engaged in interstate or foreign travel or used a facility of interstate or foreign commerce. You may determine that intent from all the evidence that has been placed before you, including the statements of the defendants and their alleged co-conspirators and their conduct both before and after the travel or use of the interstate facilities.[10]

---

[10] Adapted from Sand, Inst. 60-16.

13

**<u>Request No. 12: Count Two – Payment of Money or Other Item of Pecuniary Value</u>**

The third element that the Government must prove is that the murder was intended to be committed as consideration for the receipt of pecuniary value in an amount of $[placeholder to be determined depending on the amount the government intends to prove at trial]. This requires that the Government prove that there was a mutual agreement, understanding or promise that thing of value would be exchanged for committing the murder.

"Anything of value" means, for example, money, negotiable instruments, real estate, or anything else the primary significance of which is economic advantage.[11]

*The defense requests that the charge include the specific amount of value that the government intends to prove was exchanged as part of the murder for hire charged.*

---

[11] Adapted from Sand, Inst. 60-17.

**<u>Request No. 13: Count Two – Death or Personal Injury Resulted</u>**

As I instructed you earlier, the Indictment charges that the murder-for-hire scheme charged in Count Two "resulted in the death of Sylvester Zottola and personal injury to Salvatore Zottola."

If you find that the Government has proven each element of that count beyond a reasonable doubt, you should then consider whether the Government has proven beyond a reasonable doubt that the murder for hire conspiracy charged in Count Three, or the murder for hire scheme charged in Counts Four and Five, resulted in the death or personal injury of a person.

In order to establish that the defendant's conduct resulted in the death of Sylvester Zottola or the personal injury to Salvatore Zottola, the government must prove beyond a reasonable doubt that but for the defendant's actions, Sylvester Zottola would not have died and Salvatore Zottola would not have been injured.

Personal injury means any injury, no matter how temporary. It includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of bodily function.[12]

---

[12] Adapted from Sand, Inst. 60-18.

## Request No. 14: Count One – Murder-For-Hire Conspiracy

In addition to the substantive count of murder-for-hire in Count Two, Mr. Zottola, Mr. Lopez and Mr. Ross are charged in Count One of the Indictment with participating in a conspiracy to commit murder-for-hire, which I previously described.

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy is an independent offense. It is separate and distinct from the actual violation of any specific federal criminal laws, which the law refers to as "substantive crimes."[13]

---

[13] Adapted from 2 Sand et al., *Modern Federal Jury Instructions*, Instr. 19-2.

16

## Request No. 15: Count One – Conspiracy – Elements

In order to satisfy its burden of proving that the defendants are guilty of the murder-for-hire conspiracy charged in Count One, the government must establish each of the following two essential elements as to each defendant individually beyond a reasonable doubt:

*First*, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged. In other words, the Government must prove beyond a reasonable doubt that there was, in fact, an agreement or understanding to violate the murder-for-hire law. Therefore, the first question for you is: Did the conspiracy alleged in Count Three exist? Was there such a conspiracy?

*Second*, that the defendant knowingly and willfully became a member of, and joined in, the alleged conspiracy.  That is, Government must prove that the defendants knowingly associated themselves with the conspiracy in Count Three and participated in the conspiracy to violate the murder-for-hire law.

*Third*, that one of the members of the conspiracy committed at least one of the overt acts charged in the Indictment; and

*Fourth*, that the over act you find to have been committed was committed in furtherance of the object of the conspiracy.

Now, I will separately instruct you on each of these two elements: first, the existence of a conspiracy, and second, whether the defendants knowingly associated themselves with and participated in the conspiracy.[14]

---

[14] Adapted from Sand, Instr. 19-3; *United States v. Coplan*, No. 07-CR-453 (SHS) (S.D.N.Y. May 4, 2009), Tr. at 6153-54 (jury charge).

## **Request No. 16: Conspiracy – Existence of a Conspiracy**

The first element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment. In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

In Count One, the unlawful act alleged to have been the object of the conspiracy is the murder-for-hire charged in Count Two.

If you find that the Government has failed to prove beyond a reasonable doubt that there was a conspiracy with the object as charged in the indictment, you must find Mr. Zottola, Mr. Lopez and Mr. Ross not guilty of these counts. If on the other hand, you find that the Government has proven beyond a reasonable doubt that there was a conspiracy with that specific object as charged in the indictment, then this element is satisfied.[15]

---

[15] Sand, Instr. 19-3.

## **Request No. 17: Conspiracy – Object of the Conspiracy**

The object of a conspiracy are the illegal goals the government must prove beyond a reasonable doubt that the co-conspirators agreed to achieve.  In this case, Count One charges a conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 1958.

The Government must prove this object beyond a reasonable doubt. Thus, to find that a defendant is guilty of conspiracy as charged in Count One, you must find that the object of the conspiracy was to commit the murder for hire charged in Count Two. Your finding as to this object must be unanimous.

I already instructed you on the law that applies to murder-for-hire and ask you to apply the same law to the object of the conspiracy as charged in Count One of the Indictment.[16]

---

[16] Adapted from Sand, Instr. 19-3, 19-3S.

## Request No. 18: Conspiracy – Membership in the Conspiracy

If you conclude that the government has proved beyond a reasonable doubt that a murder-for-hire conspiracy existed, you must next determine whether each of Mr. Zottola, Mr. Lopez, and Mr. Ross, individually, willfully joined and participated in that conspiracy, knowing its unlawful purpose and with the intention to further its unlawful objective.  The government must prove beyond a reasonable doubt that each defendant individually willfully and knowingly entered into the unlawful conspiracy.[17]

The term "knowingly" means that you must be satisfied beyond a reasonable doubt that in joining a conspiracy (if you find that there was a conspiracy and that the defendant joined it), the defendant knew at that time and throughout their participation what he or she was doing.  An act is done "knowingly" if it is done intentionally and voluntarily; that is, the defendant's act must have been the product of his conscious decision rather than the product of mistake or accident or some other innocent reason.[18]

An act is done "willfully" if it is done purposely and with the intent to do something that the defendant knows violates the law.  Thus, to establish that Mr. Zottola, Mr. Lopez and Mr. Ross acted willfully, the government must prove, as to each defendant individually, that he knew that he was breaking the law. Conduct is not willful if it was due to negligence, inadvertence, or mistake or was the result of a misunderstanding of the law.[19]

In addition, with respect to Count One, the government must prove beyond a reasonable doubt that the defendants each acted with the specific intent to commit murder-for-hire.  A defendant does not act willfully if he is merely careless or negligent; he must specifically intend to violate the law.

In deciding whether a defendant was a member of the conspiracy, you should consider whether he knowingly and willfully joined the conspiracy.  Did he participate in the alleged conspiracy: (1) with knowledge of its illegal purpose and (2) with the specific intention of furthering the objectives of the conspiracy as detailed in the Indictment and as I have described? The key question, therefore, is whether the government proved beyond a reasonable doubt that Mr. Zottola, Mr. Lopez and Mr. Ross each knowingly and intentionally entered into the conspiracy with a criminal intent and agreed to take part in the conspiracy to promote and cooperate in its unlawful objective; namely, to commit murder-for-hire with respect to Count One, as that offense has been described to you.

---

[17] Adapted from Sand, Instr. 19-6; *United States v. Stein*, No. 05-CR-888 (LAK) (S.D.N.Y. Dec. 11, 2008), Tr. at 5263 (jury charge).

[18] Adapted from *id.*; Sand, Instr. 3A-1.

[19] Adapted from *United States v. Stein*, No. 05-CR-888 (LAK) (S.D.N.Y. Dec. 11, 2008), Tr. at 5264 (jury charge); Sand et al., Instr. 3A-3.

It is important for you to note that a defendant's alleged participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of any other alleged co-conspirator, and the reasonable inferences that may be drawn from them.[20]

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with knowledge that they are committing a crime, is not sufficient to establish his membership in the conspiracy. That is, a person is not guilty of the crime just because he is a knowing spectator of the crime.

I want to further caution you that mere association with one or more members of the alleged conspiracy also does not make a defendant a member of the alleged conspiracy themself. A defendant may know or even be friendly with a member of the alleged conspiracy without being a member of the alleged conspiracy. Mere similarity of conduct or the fact that Mr. Zottola, Mr. Lopez or Mr. Ross may have associated with others and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.[21] Moreover, the fact that the acts of a defendant, without knowledge, happened to further the objectives of a conspiracy does not make him a member of that conspiracy.[22]

In sum, you may not find Mr. Zottola, Mr. Lopez and Mr. Ross guilty of participating in the alleged conspiracy unless you find beyond a reasonable doubt that each, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the alleged conspiracy for the purpose of furthering the illegal undertaking. A defendant's participation must have been deliberate and intentional, not merely inadvertent, negligent, or innocent.[23] The participation of a defendant must have been willful, that is, with knowledge that the objects of the conspiracy were illegal.[24] Only then does he become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.[25]

---

[20] Adapted from Sand, Instr. 19-6.

[21] Adapted from 2 Kevin F. O'Malley et al. § 31:05.

[22] Adapted from *United States v. Stein*, No. 05-CR-888 (LAK) (S.D.N.Y. Dec. 11, 2008), Tr. at 5264 (jury charges).

[23] Adapted from the charge in *United States v. De Biasi*, 712 F.2d 785, 792-93 (2d Cir. 1983).

[24] *Id.*

[25] Adapted from Sand, Instr. 19-6.

## Request No. 19: Conspiracy – Commission of Overt Act

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged in the Indictment.

In order for the Government to satisfy this element, it is not required that the defendant in this case committed the overt act. It is sufficient for the Government to prove beyond a reasonable doubt that one of the alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You must find that the overt act occurred while the conspiracy was still in existence as alleged in the indictment.[26]

In order for the Government to satisfy the overt act element, the Government must also prove beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. The overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy. It must, however, in some way further the objectives of the conspiracy.

---

[26] Adapted from Sand, Inst. 19-7 and 19-8.

**Request No. 20: Conspiracy – Overt Act Was In Furtherance of the Conspiracy**

      The fourth element that the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.  In order for the government to satisfy this element, it must prove beyond a reasonable doubt that at least one overt act was knowingly and willfully done, by at least one co-conspirator, in furtherance of some object or purpose of the conspiracy, committing murder-for-hire as charged in Count Two.[27]

---

[27] Adapted from Sand, Inst. 19-8.

**Request No. 21: Count Three - Unlawful Use and Possession of Firearms**

Count Three of the indictment charges the defendants with unlawful use and possession of a firearm.  Specifically, with respect to Mr. Zottola, Mr. Lopez, and Mr. Ross, paragraph three of the Indictment alleges that:

> On or about and between November 1, 2017 and October 11, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALFRED LOPEZ, HIMEN ROSS, and ANTHONY ZOTTOLA, SR., together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearm was brandished and discharged.

The relevant statute on this subject is Title 18, United States Code section 924(c), which provides: "any, person who, during and in relation to any crime of violence. . . for which the person may be prosecuted in a court of the United States, uses or carries, a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be guilty of a crime]."[28]

---

[28] Adapted from Sand, Inst. 35-85.

## **Request No. 22: Count Three - Limiting Instruction**

Under Count Three, the defendants are charged with using or carrying a firearm during the commission of the crime of violence that is charged in Count Two.

If upon all of the evidence you find that the government has failed to prove Count Two beyond a reasonable doubt as to any defendant, then you will proceed no further as to that defendant. Count Three is to be considered as to each defendant only if you first find that defendant guilty under Count Two.

In reaching your verdict on Count Three, you may consider the evidence of count (2) only for the purpose of determining whether the elements of count (3) have been satisfied.[29]

---

[29] Adapted from Sand, Inst. 35-86.

## Request No. 23: Count Three - Elements of the Offense

To convict the defendants of Count Three, the Government must prove each of the following elements beyond a reasonable doubt:

*First,* that the defendants committed a crime of violence for which they might be prosecuted in a court of the United States.

*Second*, that the defendant knowingly used and carried a firearm during and in relation to the commission of, or knowingly possessed a firearm in furtherance of, the crime charged in Count Two.[30]

---

[30] Adapted from Sand, Inst. 35-87.

**Request No. 24: Count Three – Commission of Predicate Crime**

The first element the government must prove beyond a reasonable doubt is that the defendants committed a crime of violence for which they might be prosecuted in a court of the United States.

The defendants are charged in Count Two of the indictment with committed the crime of murder for hire. I instruct you that the crime of murder for hire is a crime of violence. However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendants committed the crime of murder for hire as charged. [31]

---

[31] Adapted from Sand, Inst. 35-88.

### Request No. 25: Count Three
### Knowing Use of Firearm During and in Relation to Commission of the Murder for Hire

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly used and carried a firearm in furtherance of the commission of the crime charged in Count Two.

#### *"Firearm" Defined*

I will define firearm for you now.  A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of any explosive. Operability is not relevant to your determination of whether a weapon qualifies as a firearm.  I instruct you that a gun is a firearm.

#### *"Use" Defined*

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendants during and in relation to the commission of the crime of violence.  This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

#### *"Carry" Defined*

In order to prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The defendant need not have held the firearm physically, that is, have had actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug trafficking crime, you may find that the Government has proven that the defendant carried the weapon.

In order to prove that the defendant used the firearm, the government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence. This does not mean that the defendant must actually fire, or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. However, the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute a use of the firearm.

In order to prove that the defendant carried the firearm, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control, control in such a way that it furthered the commission of the crime of violence or was an integral part of the commission of

28

the crime. The defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the crime of violence, you may find that the government has proven that the defendant carried the weapon.

To prove that the defendant possessed the firearm in furtherance of the crime, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. Possession means that defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

To satisfy this element, you must also find that the defendant carried and used the firearm knowingly. This means that he carried the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word.[32]

---

[32] Adapted from Sand, Inst. 35-89.

**Request No. 26: Count Three – Brandishing, Discharging of Weapon**

The third element the government must prove beyond a reasonable doubt is that the defendant brandished and discharged the weapon.

To brandish a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.[33]

---

[33] Adapted from Sand, Inst. 35-90.

## **Request No. 27: Count Four – Causing Death Through Use of Firearm**

Count Four of the indictment charges the defendants with unlawful use and possession of a firearm.  Specifically, with respect to Mr. Zottola, Mr. Lopez, and Mr. Ross, paragraph three of the Indictment alleges that:

> On or about and October 11, 2018, within the Eastern District of New York and elsewhere, the defendants ALFRED LOPEZ, HIMEN ROSS, and ANTHONY ZOTTOLA, SR., together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Three, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 111(a), in that the defendants, together with other, with malice aforethought, did unlawfully kill Sylvester Zottola willfully, deliberately, maliciously and with premeditation in violation of Title 18 United States Code section 924(j).

To convict Mr. Zottola, Mr. Lopez, or Mr. Ross of Count Four, the Government must prove each of the following elements beyond a reasonable doubt as to each defendant:

*First*, that on or about the dates alleged, one of the defendants used or carried or possessed a firearm or any combination of those acts.

*Second*, that one of the defendants used or carried the firearm during and in relation to a crime of violence.

*Third*, that one of the defendants was a substantial factor in causing the death of the named victim through the use of a firearm and the victim would not have died except for that defendant's conduct;

*Fourth*, that the death of that person qualifies as a murder, as I will define that term for you in a moment; and

*Fifth*, that the defendant acted knowingly and willfully.[34]

---

[34] Adapted from Sand, Instr. 41-7, 41-11.

**<u>Request No. 28: Count Four – Use, Carry, or Possess a Firearm</u>**

The first element the Government must prove beyond a reasonable doubt as Count Four is that on or about October 4, 2018 one of the defendants used, carried, or possessed a firearm, as I have previously defined those terms in relation to Count Three.

**<u>Request No. 29: Count Four – In Relation to a Crime of Violence</u>**

  The second element that the Government must prove beyond a reasonable doubt is that one of the defendants used or carried a firearm during and in relation to a crime of violence.

  With respect to Count Four, the crimes of violence is the unlawful use of a firearm charged in Count Three.

33

## **Request No. 30: Count Four – Causing the Death of Sylvester Zottola**

As to the third element—whether the defendant's conduct caused the death of the victim—the defendant's conduct may be found to cause the death of another individual if a reasonable person would consider the defendant's conduct as a cause of death. The death of a person may have one or more than one cause. You need not find that a defendant shot the victim or that he committed the final, fatal act. The Government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

## Request No. 31: Count Four – Murder Defined

In considering Count Four, you should apply the following definition of murder, which comes from Title 18 United States Code Section 1111 of the Federal Criminal Code: "Murder is the unlawful killing of a human being, with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, [certain crimes including] murder . . . [qualifies as murder]."

I mentioned the term "malice aforethought." Malice is the state of mind that would cause a person to act without regard to the life of another. Thus, to act with "malice aforethought" means that the defendant must have acted consciously, with the intent to kill another person. However, the government need not prove a subjective intent to kill on the part of the defendant. It would be sufficient if it proved reckless and wanton conduct on the part of the defendant such that he or she was aware of the serious risk of death.

## **Request No. 32: Count Four – Willfully and Knowingly Defined**

The final element the Government must prove beyond a reasonable doubt regarding Count Four is that the defendant acted "willfully" and "knowingly," as I have previously defined those terms for you.

**Request No. 33: Venue**

With respect to any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Eastern District of New York. This is called establishing venue. The Eastern District of New York includes all of Brooklyn, Queens, Staten Island, as well as Nassau and Suffolk Counties.

For the murder-for-hire conspiracy charged in Count One, this means you must decide whether an act in furtherance of the alleged murder-for-hire conspiracy occurred in the District.

For the murder-for-hire charged in Count Two, this means you must decide whether the defendants committed an affirmative an act in furtherance of the alleged murder-for-hire occurred in the District.

For the unlawful use of a firearm charged in Count Three, you must decide whether an affirmative act in furtherance of unlawful use of a firearm occurred in the District.

For the charge of causing death through use of a firearm charged in Count Four, you must decide whether an affirmative act in furtherance of causing death through use of a firearm occurred in the District.

I should note that on the issue of venue—and this issue alone—the government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.[35]

---

[35] Adapted from 1 Sant et al., at Instruction 3-11; *United States v. Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005) ("venue is proper only where the acts constituting the offense – the crime's 'essential conduct elements' – took place").

## **Request No. 34: Character Evidence**

You have heard witnesses who have testified to one or more of the defendants' good character.  This testimony is not to be taken by you as the witness' opinion as to whether any of the defendants is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence, including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit of all charges.

On the other hand, if after considering all the evidence, including that of the defendant's character you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.[36]

---

[36] Adapted from Sand, Instr. 5-21.

## Request No. 35: Defense Theory of the Case

The defense respectfully requests that the jury be charged with the defense theory of the case, to be supplied following the close of trial, prior to the charging conference.[37]

---

[37] *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").

<u>**Request No. 36: Defendant's Statements**</u>

There has been evidence that the defendants made certain statements in which the government claims they admitted certain facts.

In deciding what weight to give a defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.[38]

---

[38] Sand, Instr. 5-19; *see also* 18 U.S.C. § 3501(a).

**Request No. 37: Defendant's Right Not to Testify**
(If Applicable)

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he or she did not take the witness stand, and you may not consider this in any way in your deliberations in the jury room.[39]

---

[39] Adapted from *United States v. Amadou Djibo*, No. 15-CR-88 (SJ), ECF Doc. 163 (E.D.N.Y.) (jury charge); Sand, Instr. 5-21.

## **CONCLUSION**

Defendant Anthony Zottola respectfully requests the foregoing charges and further respectfully requests the opportunity to make specific objections or request modifications to the Court's proposed charge.

Dated: September 16, 2022             Respectfully submitted,
      New York, New York

                                       MEISTER SEELIG & FEIN LLP

                        By:          /S/
                                  Henry E. Mazurek
                                  Ilana Haramati
                                  125 Park Avenue, Suite 700
                                  New York, New York 10017

                                  *Attorneys for Defendant Anthony Zottola, Sr.*