

*Ilana Haramati*
*Partner*
Direct (646) 860-3130
Fax (212) 655-3535
ih@msf-law.com

October 11, 2022

<u>**VIA ECF**</u>

Hon. Hector Gonzalez
Eastern District of New York
225 Cadman Plaza East
Courtroom 6A S
Brooklyn, NY  11201

       Re:    *United States v. Anthony Zottola, et al.,* **18-cr-609 (HG)**

Dear Judge Gonzalez:

      We represent defendant Anthony Zottola in the above-referenced matter.  We write to request revisions and additions to the Court's proposed jury charges (dated October 4, 2022), consistent with the defendants' requests to charge (ECF Doc. 493), and the evidence presented during trial.

**1.**      **Defendants' Right Not to Testify**

      The draft charge presently states that "the law does not compel a defendant in a criminal case to take the witness stand and testify."  *See* Court Draft Charge at 3.  A defendant has an absolute right not to testify, and the Fifth Amendment protects defendants from any inference based on his decision not to testify—as the Court stated in the remainder of the draft charge.  *See, e.g., United States v. Colasuonno*, No. 05-CR-1110 (AKH), 2006 WL 3025880, at *1 (S.D.N.Y. Oct. 24, 2006) ("Under the Fifth Amendment, a defendant may refuse to testify at trial, and the jury may draw no adverse inference against the defendant based on the invocation of his Fifth Amendment rights.") (citing *Griffin v. California*, 380 U.S. 609 (1965)).  Although the Fifth Amendment itself uses the word "compel," to avoid jury confusion with respect to the scope of the Fifth Amendment's protections against self-incrimination, we request that the charge be amended to reads as follows:

> Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he is innocent.
>
> I charge you that you must not allow the fact that a defendant did not testify to prejudice the defendants in any way, and you must not consider it as an indication, admission, evidence, or inference of guilt. Simply put, the fact that the defendants did not testify must never enter into your deliberations or discussions.

2. **Reasonable Doubt**

In accordance with Second Circuit case law providing that reasonable doubt can arise based on evidence or lack thereof, we renew our request to include the following paragraph to the Court's proposed reasonable doubt charge, *see* Court Draft Charge at 3:

> If you, after careful and impartial consideration of all the evidence in the case, or lack of evidence, has a reasonable doubt that a defendant is guilty of the charge, it must acquit that defendant. If the jury views the evidence in the case as reasonably permitting either of two conclusion—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

*See United States v. Estimable*, 437 F. App'x 23, 25 (2d Cir. 2011) (upholding charge that "emphasized that the jury could find reasonable doubt based on a lack of evidence"); *see also* ECF Doc. 493 at 3.

3. ***Pinkerton* Liability**

The Court's instructions include a *Pinkerton* theory of guilt with respect to Counts Two, Three, and Four. *See* Court Draft Charge at 15-16. Because, "*Pinkerton* did not create a broad principle of vicarious liability that imposes criminal responsibility upon every co-conspirator for whatever substantive offenses any of their confederates commit," that charge is inappropriate here, and we respectfully request that the Court revise the jury charge to remove that instruction. *United States v. Bruno*, 383 F.3d 65, 90 (2d Cir. 2004) (quotation marks and citations omitted).

Specifically, the Second Circuit has "cautioned that the *Pinkerton* charge should not be given as a matter of course and in particular where the evidence is such that the jury is required to resort to the inverse of *Pinkerton* and infer the existence of a conspiracy from the series of disparate criminal offenses." *United States v. Laureano*, 205 F.3d 1326 (2d Cir. 2000) (quoting *United States v. Salameh,* 152 F.3d 88, 149 (2d Cir.1998). That is precisely the impact of a *Pinkerton* instruction here. The only evidence in the trial record regarding Mr. Zottola's participation in a murder-for-hire conspiracy charged in Count One are coded text messages with Bushawn Shelton. The coded text messages only carry evidentiary weight regarding Mr. Zottola's alleged participation in the conspiracy if they are deciphered with reference to the actions taken by alleged co-conspirators in furtherance of the substantive charges in Counts Two, Three and Four. Effectively, the only evidence of Mr. Zottola's guilt of the conspiracy charged in Count One hinges on the separate evidence of his alleged co-conspirators' actions with respect to the substantive counts. Such inverse-*Pinkerton* liability is improper; the Court should not instruct the jury regarding *Pinkerton* here.

4. **Credibility**

The third sentence of the Court's proposed credibility instruction reads: "The assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the testimony given." *See* Court Draft Charge at 24. We request deletion of the "assumption" of witness credibility charge.

The Second Circuit has long disfavored such a "presumption of credibility" charge as it "serves no useful purpose . . . may in some cases be very misleading and the trial courts would best refrain from using it." *United States v. Bilotti*, 380 F.2d 649, 656 (2d Cir. 1967) ("The dangers created by a charge that witnesses are presumed to tell the truth are obvious— especially where the defendant does not take the stand or put on an affirmative case himself. The presumption of defendant's innocence could be rendered nugatory if the jury believed, as they might, that they were to take all uncontradicted testimony as true."); *see also United States v. Varner*, 748 F.2d 925, 927 (4th Cir. 1984) ("This court has held that the instruction that a witness is presumed or assumed to tell the truth is improper. The jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony. This important function should not be encumbered by an assumption that witnesses speak the truth.  Similarly, the courts in every circuit, with two exceptions, have disapproved the instruction.") (quotation marks and citations omitted).

Accordingly, we request that the Court revise this sentence as follows: "You are the sole judges of a witness' credibility, and may consider factors such as, the appearance and conduct of the witness, the manner in which the witness testifies, the character of the testimony given, or evidence contrary to the testimony given."

5. **Cooperating Witnesses Charge**

We request that the Court delete the third paragraph of the proposed Cooperating Witnesses charge, which states:

> You also heard brief testimony about what has been referred to as a 5K1.1 letter. That section of the Sentencing Guidelines, provides that, upon a motion by the government stating that an individual has provided substantial assistance in the investigation or prosecution of another person, the court may, in its discretion, depart from the guidelines and sentence that individual without regard to any mandatory minimum sentence. Two factors you should bear in mind are: (1) only the government can make such a motion and it cannot be compelled to do so, unless it acts in bad faith in refusing to make such a motion; and (2) the court has complete discretion as to whether it will or will not depart from the guidelines or any mandatory minimum sentence that may be applicable, and is free, in any event, to impose any sentence that it deems appropriate and reasonable.

Court Draft Charge at 25.

As the Second Circuit has explained, the purpose of a cooperating witness charge is to "convey to the jury that the testimony of cooperating witnesses should be subjected to scrutiny in terms of their possible motivations, particularly where defense counsel argues to the jury that a cooperating witness's interest in the case bears on his or her credibility." *United States v. Vaughn*, 430 F.3d 518, 523 (2d Cir. 2005).  Specifically, *Vaugh* emphasized that: "a defendant 'is entitled to a charge that identifies the circumstances that may make one or another of the government's witnesses particularly vulnerable to the prosecution's power and influence, and that specifies the ways . . . that a person so situated might be

particularly advantaged by promoting the prosecution's case.'" *Id.* (quoting *United States v. Prawl*, 168 F.3d 622 (2d Cir.1999)).

The Court's proposed explication of the U.S.S.G. § 5K1 process obscures the cooperating witness' interest in testifying favorably for the government, at the heart of *Vaughn's* admonition. Specifically, by emphasizing that the government merely makes a 5K1 "motion," and that the Court, rather than the government makes the ultimate decision regarding sentencing, the current charge minimizes the cooperators' obvious bias in favor of the government—contrary to the Second Circuit's clear directive regarding cooperating witness charges. *See Vaughn*, 430 F.3d at 523 ("The better course would have been for the trial judge to more specifically caution the jury to scrutinize the testimony of the cooperating witness with an eye to his motivation for testifying and what he stood to gain by testifying.").

Accordingly, we request that the Court omit the third paragraph of the draft cooperating witness charge, and instruct the jury in accordance with the proposed instruction filed by Mr. Zottola. *See* ECF Doc. 493 at 4.

**6.     Witness With Immunity**

In addition to the testimony of cooperating witnesses, the government presented testimony of Salvatore Zottola who benefitted from an immunity agreement. As with a cooperating witness, the jury should receive instructions to scrutinize his testimony with additional care because of the benefits and protections he received from the government to induce him to testify at trial. We respectfully request that the Court give the following charge, adapted from the standard cooperating witness charge:

> You have heard testimony from a witness who was promised immunity from prosecution from the government in exchange for his testimony. Such agreements, are lawful and proper, and the rules of this court expressly provide for them. But testimony from a witness who hopes to gain more favorable treatment must be scrutinized with great care and viewed with particular caution when you decide whether to believe that testimony. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from that of an ordinary witness. A witness who realizes that he or she may be able to avoid prosecution has a motive to testify falsely. Therefore, you must examine this testimony with caution and weigh it with care.

Adapted from 1 L. Sand et al., MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), Inst. 7-5, 7-10 (2010) (hereinafter "Sand").

**7.      Unanimous Verdict**

It is blackletter law that "[a] jury cannot convict unless it finds unanimously that the government proved each element of the crime beyond a reasonable doubt." *United States v. Corley*, 679 F. App'x 1, 5 (2d Cir. 2017) (citing *Richardson v. United States*, 526 U.S. 813, 817 (1999)). To conform with the Second Circuit and Supreme Court precedent, we request that the Court revise its "Unanimous Verdict" charge, *see* Court Draft Charge at 32, to read as follows:

Case 1:18-cr-00609-HG   Document 516   Filed 10/11/22   Page 5 of 7 PageID #: 3974

Hon. Hector Gonzalez
October 11, 2022
Page 5 of 7

Any verdict you reach must be unanimous. As to each defendant separately, you must all agree whether the government has proved each element of each crime charged beyond a reasonable doubt to reach a verdict.

**8.     Instruction Regarding Character Evidence**

Several witnesses who know Mr. Zottola personally have testified about his character beyond the charges in this case. These witnesses include Joseph Tesi, Phil Addario, and Salvatore Zottola. Although these witnesses were not called solely as character witnesses, because they gave character testimony, we renew our request that the Court give the following charge:

> You have heard witnesses who have testified to one or more of the defendants' good character. This testimony is not to be taken by you as the witness' opinion as to whether any of the defendants is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.
>
> Accordingly, if after considering all the evidence, including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit of all charges.
>
> On the other hand, if after considering all the evidence, including that of the defendant's character you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

*See* ECF Doc. 493 at 38; Adapted from Sand, Instr. 5-21.

**9.     Instruction Limiting Evidence Admitted Only Against One Defendant**

During trial, the government presented several pieces of evidence, in the form of testimony and documents, admissible as to one defendant but not admissible as to the other. Consistent with Federal Rule of Evidence 105, and to remind the jury that the consideration of this evidence is limited to the defendant against whom it was admitted, we request the following charge:

> You have heard testimony and evidence admitted as to one defendant but that was not admitted as to the other defendant. This evidence was admitted for a more limited purpose and you may consider it only for this limited purpose. You may not use evidence admitted only as to one defendant to conclude whether the other defendant committed the crimes charged in the indictment.

**10.    Number of Witnesses**

Mr. Zottola intends to present a case in chief comprising several witnesses—but far fewer than the several dozen witnesses that the government presented. To ensure that the jury does not infer that the government carried its burden of proof beyond a reasonable doubt based merely on the number of

125 Park Avenue, 7th Floor, New York, NY 10017 | Phone (212) 655-3500 | Fax (212) 655-3535 | meisterseelig.com

Hon. Hector Gonzalez
October 11, 2022
Page 6 of 7

---

witnesses it called to testify relative to the number of witnesses Mr. Zottola called to testify, we request the following instruction:

> The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence drawing upon your own common sense and personal experience.
>
> Keep in mind that the burden of proof is always on the government and no defendant is required to call any witnesses or offer any evidence since he is presumed to be innocent.

Adapted from Sand, Inst. 4-4.

**11.    Inconsistent Statements**

During the course of trial, the testimony of several witnesses was impeached by prior inconsistent statements.  Accordingly, we request that the Court charge the jury regarding the practice of impeachment by prior inconsistent statements as follows:

> You have heard evidence that several witnesses made one or more statements on earlier occasions that counsel argues is inconsistent with the witness' trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on a defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.
>
> In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.
>
> It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Adapted from Sand, Instr. 7-19.

**12.    Charts and Summaries**

Numerous charts and summaries were admitted, including in Government Exhibits 100-128, and Defense Exhibit 700.  Accordingly, we request the following instruction:

> The government and defense have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in addition to the underlying documents they represent in order to save time and avoid unnecessary inconvenience, You should consider these charts and summaries as you would the underlying evidence.

Adapted from Sand, Instr. 5-12.

Respectfully submitted,

/s/ IH
Henry E. Mazurek
Ilana Haramati

*Counsel for Defendant Anthony Zottola*

cc:   Counsel of record (*via ECF*)