UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JULIAN SNIPE,

          Defendant.

**ORDER**
18-CR-00609 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    For the second time in this case, Defendant Julian Snipe has informed the Court that he wishes to withdraw his guilty plea, which was accepted by Judge Raymond Dearie, who previously presided over this case, on May 27, 2022.  ECF No. 585; *see also* ECF Entry dated May 27, 2022 (minute entry of guilty plea proceedings).  The Court hereby sets a schedule for Defendant's court-appointed counsel, or Defendant acting *pro se*, to file a motion seeking to withdraw his plea, as further set forth below.

    Defendant was arraigned in June 2019 and has been in custody since then.  ECF Nos. 91, 92.  On May 9, 2022, he appeared before Judge Dearie with the stated intent of pleading guilty to the first and second counts of the third superseding indictment, which charged Defendant, respectively, with conspiring to commit murder-for-hire and with a substantive violation of the murder-for-hire statute, both in violation of 18 U.S.C. § 1958(a).  ECF No. 589; ECF No. 229 ¶¶ 1–2.  Defendant was represented by his court-appointed counsel.  ECF No. 589 at 2:12–13.  During that appearance, Defendant raised concerns that he "ha[d]n't been able to understand [his] actual role in the conspiracy" and yet had been offered a plea agreement for crimes punishable by imprisonment within a statutory range of zero to 40 years—and with a stipulated effective guidelines range of 30 to 40 years.  *Id.* at 8:9–16.  Defendant also said that he intended "to take the plea so I can get out of here."  *Id.* at 10:12–14.

Judge Dearie told Defendant that he would adjourn the change of plea hearing for a few weeks, so that Defendant would have additional time to confer with his attorney. *Id.* at 11:2–21. However, approximately one hour later, Defendant and his attorney appeared again in open court and both indicated that Defendant was prepared to proceed with pleading guilty. *Id.* at 13:10–16. When Judge Dearie asked Defendant whether he "fully underst[oo]d the charges," Defendant responded in the affirmative. *Id.* at 13:17–19. Judge Dearie then proceeded to advise Defendant about the nature of the charges and the rights he would give up by pleading guilty, and to question Defendant about the voluntariness of his plea, as required by Fed. R. Crim. P. 11(b)(1) and (b)(2). *Id.* at 14:3–25:17. In doing so, Judge Dearie specifically explained to Defendant the legal elements of a conspiracy charge. *Id.* at 21:5–21. Defendant pleaded guilty to both counts, but before he provided a factual basis for the plea, he expressed his belief that "this plea is crazy." *Id.* at 25:19–26:6. At that point, Judge Dearie declined to accept the plea or proceed any further and adjourned any future change of plea proceedings for approximately two weeks.

On May 27, 2022, Defendant appeared again, this time represented by two court-appointed attorneys, with the intent of pleading guilty to the same two charges. ECF No. 588 at 2:4–12. Judge Dearie again discussed with Defendant the topics required by Rule 11(b). *Id.* at 5:20–19:1. Defendant described the factual basis for his plea, and the Government proffered supplemental facts to which Defendant and his attorneys did not object. *Id.* at 19:2–21:8. Defendant asked for a brief break in the proceedings to confer with his counsel, after which he returned and confirmed that he had no further questions. *Id.* at 21:9–23. Judge Dearie then accepted Defendant's plea of guilty. *Id.* at 21:24–22:11.

A few weeks after pleading guilty, on June 16, 2022, Defendant wrote a *pro se* letter to Judge Dearie, which did not expressly request permission to withdraw his plea, and instead appears to have been designed to advocate for a sentence of "time served." ECF No. 380 at 5.

2

In that letter, Defendant said that he was "guilty to a point" because he "did nothing to stop" the conspiracy alleged in the indictment. *Id.* at 1. However, Defendant also made claims of innocence, specifically that he did not "ha[ve] anything to do with the plot or carrying out of the murder of [a victim]" and that he "could have prove[n]" that at trial. *Id.* Although Defendant admitted that he was "at the scene of the shooting" on the day that another victim was seriously injured, he asserts that he "didn't help in no way" and claimed that he had been "told it was a drug pick up[,] which turned out to be a lie." *Id.* at 2. He claimed that he "was passed out" in the vehicle used by the shooter—and "too high to keep [his] eyes open"—"until [he] heard the shots." *Id.* at 2, 4. At other points in his letter, Defendant raised concerns with the fairness of his plea agreement and the sentencing guidelines applicable to the charges to which he pleaded guilty, rather than his responsibility for the crime. Specifically, Defendant said that he did not "understand how a 0-40 [years] is my only offer when I didn't have a role in this conspiracy." *Id.* at 4.

Approximately two months later, on August 23, Defendant's two attorneys filed a letter indicating that Defendant "ha[d] expressed an interest in filing a motion to withdraw his guilty plea." ECF No. 452. Defendant's counsel did not specify the basis for the motion but indicated that it would "likely raise issues relating to communications with counsel and advice given by counsel." *Id.* In response to that letter, the Court appointed a third attorney, Sabrina Shroff, to represent Defendant for the purpose of assessing the basis for a potential motion to withdraw his plea. ECF No. 487. The Court directed Defendant and his new counsel to file a motion on or before November 7, 2022, and the Court later extended that deadline until November 28. ECF Order dated Oct. 31, 2022; ECF Order dated Nov. 14, 2022. On November 21, Ms. Shroff filed a letter stating that Defendant no longer desired to withdraw his plea and that he was "prepared to proceed to sentence." ECF No. 540. The Court set a sentencing date of April 12, 2023,

because Defendant's stated intent to withdraw his plea had delayed the Probation Department's preparation of a presentence investigation report required by Fed. R. Crim. P. 32. ECF Order dated Dec. 6, 2022.

Subsequent to the statement by Defendant's counsel that he intended to proceed to sentencing, Defendant filed a *pro se* letter dated December 26, reiterating his request to withdraw his plea. ECF No. 585. Defendant said, "I've been wanting to take my plea back since the day I took it," and he requested "a hearing to take my plea back as soon as possible." *Id.* Defendant's letter did not explain the basis for his request to withdraw his plea. *Id.*

According to Rule 11(d), a defendant can withdraw a guilty plea after a court has accepted it if "the defendant can show a fair and just reason for requesting the withdrawal," *see* Fed. R. Crim. P. 11(d)(2)(B), but the defendant faces a "stringent" standard when attempting to make this showing, *see United States v. Albarran*, 943 F.3d 106, 118 (2d Cir. 2019). The ultimate inquiry that the Court must undertake is "whether the defendant has raised a significant question about the voluntariness of the original plea." *Id.* at 117 (internal quotation marks omitted). When conducting this inquiry, the Second Circuit has instructed courts to consider the following "general factors": "(1) whether the defendant asserted his legal innocence in his motion to withdraw; (2) the amount of time between the plea and the motion to withdraw; and (3) whether the government would be prejudiced by withdrawal of the plea." *United States v. Overton*, 24 F.4th 870, 879 (2d Cir. 2022). "A claim of innocence can be a basis for withdrawing a guilty plea, but the claim must be supported by evidence. A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Id.* "[A] defendant's reevaluation of the government's case against him does not justify withdrawal of a plea." *Albarran*, 943 F.3d at 118 (internal quotation marks omitted).

      On or before February 1, 2023, Ms. Shroff shall do one of the following: (i) file a motion to withdraw Defendant's guilty plea; (ii) file a letter stating that Defendant no longer wishes to withdraw his guilty plea; or (iii) seek to withdraw as Defendant's attorney if Defendant persists in desiring to withdraw his guilty plea but Ms. Shroff concludes that she has no legal basis to file such a motion. Defendant's counsel shall provide Defendant with a copy of this Order as soon as reasonably possible.

      SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       January 11, 2023