The Law Office of James M. Branden
80 Bay Street Landing, Suite 7J
Staten Island, New York 10301
Tel. 212-286-0173
Fax 212-481-8250

March 15, 2023

Hon. Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Arthur Codner
            Cr. Docket No. 18-609 (HG)

Dear Judge Gonzalez:

    I represent Arthur Codner who is to be sentenced in the above-referenced matter on March 29, at 1:00 p.m. For the reasons stated below, Mr. Codner should be sentenced with the benefit of a significant downward variance.

## STATEMENT OF THE CASE

### Background

    Mr. Codner was born in 1988 and is now 34 years old. He is the youngest and only male child of his parents' five children. While close to all of his sisters, Mr. Codner was especially fond of his eldest sister, Ordene, who, unfortunately, died last year after a long bout of cancer. Because of his detention, Mr. Codner was unable to visit her in her time of need or to attend funeral services. The grieving has been acute and unabated.

    Mr. Codner was raised in the Bronx until he was eight, at which time the family relocated to Bergen County, New Jersey. While poor, his parents provided all basic necessities and other than the occasional overzealous use of a belt, the children suffered no abuse.

    Mr. Codner dropped out of school in the eleventh grade but

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 2

later, at age 20, obtained a GED. Around the time of his attrition, Mr. Codner started smoking marijuana on an occasional basis. Later, in his mid-twenties, he smoked on a daily basis and sometimes, though rarely, used ecstasy. In his thirties, Mr. Codner smoked marijuana infrequently. Indeed, he had not done so many months before his arrest.

Mr. Codner has a laudable employment history, including the following positions: inventory specialist at Walmart; sales associate at Armani and Ralph Lauren, Polo; dishwasher and busboy at a luxury assisted living residence; flagger for a road repair company; factory worker at a cosmetics company and at an herb purveyor; and a customer service representative at a home goods retail store. Most recently, in 2017 and 2018, he was employed at GenPak, a food container and packaging manufacturer where he operated an extruder to make styrofoam, and at C&S, a trucking company, where he loaded and unloaded trucks at its distribution center in Chester, NY.

At the time of his arrest, and while working at C&S, Mr. Codner was taking courses at the Branford Institute to become a dialysis technician.

Mr. Codner is engaged to be married. His fiancee, Toni Smith, 42 years old, is an ultrasound technician. They have been in a committed relationship since 2014. Prior to the time of his arrest, Mr. Codner paid a deposit on a wedding venue. Together they are hoping to start a family.

<u>Mr. Codner's Detention</u>

Mr. Codner has been detained since his arrest in December 2018, first at the Metropolitan Detention Center (MDC) and then at the Hudson County Correctional Center. He has no disciplinary record at either facility. As noted earlier, the period of detention has been especially taxing as it coincided with his sister's tragic illness and ultimate demise. His period of detention, now more than four years, also included the notorious power failure at the MDC in the winter of 2019 and the Covid-19 pandemic, its variants still proliferating.[1] In addition, Mr.

---

[1] Mr. Codner was twice infected with Covid. He watched scores of others suffer and die.

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 3


Codner has suffered from abdominal pain, bloody urine, kidney stones and inflamed testicles, conditions that have gone wholly untreated despite his numerous reports and complaints to medical officials at the facilities and even to this Court. It is no wonder that he reported to the Probation Office that he feels "stressed, overwhelmed and defenseless." The Bible is his only comfort (PSR at ¶84).

### The Charges and Guilty Plea

On July 11, 2018, Salvatore Zottola was shot numerous times in front of his residence in the Bronx. On October 4, 2018, his father, Sylvester, was murdered in a drive-thru lane of a McDonald's restaurant in the Bronx. Motivated by greed, Sylvester's other son, Anthony, was principally responsible for the offense conduct and he recruited co-conspirators to carry out the violence.

Among other crimes, Mr. Codner was charged with murder-for-hire and murder-for-hire conspiracy vis a vis Sylvester Zottola and his son Salvatore, in violation of 18 U.S.C. §1958(a). Pursuant to a plea agreement, he pleaded guilty to the §1958(a) offenses based on resultant personal injury, not death, which carries a cap of twenty years' imprisonment. As to the sentencing guidelines, the parties agreed that the total adjusted offense level was 38. See plea agreement at ¶2.

At the change-of-plea hearing, to establish a factual basis for the guilty plea, Mr. Codner said: "In 2018, in the Bronx and elsewhere, I agreed with others to commit the murder of Salvatore Zottola in violation of New York State law and for cash payment. As part of this agreement, [I used] a cell phone. I knew this agreement was illegal . . . . On July 11, 2018, I drove a car to and from the scene of the shooting of Salvatore Zottola, who sustained physical injury as a result." Mr. Codner made no admissions with regard to the murder of Sylvester Zottola (which he did not plan and was not present for). Following the allocution Judge Dearie told Mr. Codner to "hang in there." He said that he thought Mr. Codner was a "decent [and] intelligent guy" and he advised him twice: "do not give up."

### The Sentences of Co-Defendants

Three of Mr. Codner's co-defendants have been sentenced.

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 4


Herman Blanco was sentenced to 264 months' imprisonment. Blanco was a member of the Murderous Maddawgs set of the Bloods street gang (PSR at ¶8). He played a role in tracking Sylvester Zottola's vehicle, and "coordinated" the shooting and resultant murder of Sylvester on October 4, 2018 (PSR at ¶28). Jason Cummings was sentenced to 204 months' imprisonment. Cummings was a member of the 5-9 Brims set of the Bloods (PSR at ¶8). In April 2018, Bushawn Shelton and Cummings discussed participation in the murder-for-hire conspiracy and Cummings's fee (PSR at ¶21). On May 1, 2018, Cummings entered Salvatore Zottola's residence with intent to kill him. Branden Peterson was sentenced to 192 months' imprisonment. Peterson was a member of the 8-Trey set of the Crips (PSR at ¶8). Peterson was recruited by Bushawn Shelton to assault Sylvester for $1,500. After several failed efforts, Peterson did so on September 8, 2017 (PSR at ¶10). Peterson's objective was raised from assault to murder in November 2017. On November 26, 2017, a murder of Sylvester was attempted, the gunman wearing a mask provided by Peterson (PSR at ¶¶11-12).

### Mr. Codner's Criminal History

Mr. Codner has a limited criminal history. As set forth in paragraph 67 of the PSR, on January 2, 2007, when he was 18 years old, Mr. Codner stole a cellphone and $6 by placing the victim in a headlock. A sentence of 180 days' custody and two years' probation was imposed on March 14, 2008. The Office of Probation awarded 2 criminal history points for this offense. Mr. Codner objects to these criminal history points because the prior sentence was imposed more than ten years before Mr. Codner's "commencement of the instant offense," which would be July 11, 2018 or days before. See USSG §4A1.2(e)(2).[2]

As set forth in paragraph 68 of the PSR, Mr. Codner was convicted of shoplifting. He was sentenced on January 1, 2008 to 80 hours' community service and a fine. Because this sentence, too, was imposed more than ten years earlier, no criminal history points should be awarded. Id.

---

[2] Mr. Codner does not recall serving any term of custody as a result of this offense. Presumably the custodial term was suspended but that does not excuse its applicability (USSG §4A1.2(a)(3)).

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 5

Last, as per paragraph 69 of the PSR, Mr. Codner was convicted of misdemeanor drug possession in 2015, for which he was unconditionally discharged and fined. There is no objection to the 1 criminal history point assessed.

Accordingly, with just one criminal history point, Mr. Codner should be in criminal history category I.

Last, Mr. Codner denies that he is a gang member or that he is associated with one (whatever that means). <u>See</u> PSR at ¶8.

<u>Letters of Support</u>

Attached are letters from Mr. Codner's fiancee, his parents, many siblings and cousins. Taken together it would appear that Mr. Codner constitutes the very center of this highly connected, well-meaning family. There is uniformity in their inability to understand Mr. Codner's involvement in criminal conduct.

### DISCUSSION

> AT SENTENCING, THE COURT SHOULD FIND THAT 1) THE TOTAL OFFENSE LEVEL IS 38 AND MR. CODNER IS IN CRIMINAL HISTORY CATEGORY I, AND; 2) A SIGNIFICANT DOWNWARD VARIANCE IS WARRANTED

Pursuant to 18 U.S.C. §3553(a)(2), this Court is required to "impose a sentence sufficient, but not greater than necessary" to comply with generally recognized purposes of sentencing, including the need:

- A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- B) to afford adequate deterrence to criminal conduct;

- C) to protect the public from further crimes of the defendant; and

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 6

> D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Among other things, the sentencing court is also required to consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the Sentencing Guidelines and the need to avoid unwarranted sentence disparities. 18 U.S.C. §§3553(a)(1), (a)(4), (a)(6).

### The Guidelines

A district court should begin all sentencing proceedings by calculating the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). The Guidelines provide the "starting point and the initial benchmark" for sentencing. Id.

Here, the parties stipulated in the plea agreement that the total offense level was 38 based on the following calculation: base offense level 43 (¶¶2E1.4(a)(2); 2A1.1(a)); minor role -2 (§3B1.2(b)); and acceptance of responsibility -3 (§3E1.1(a), (B)). This calculation was in keeping with Mr. Codner's allocution that he conspired to and participated in (though not the shooter) the attempted murder of Salvatore Zottola only. The Probation Office reached a higher total offense of 40 (PSR at ¶65) finding, without basis, that there was a second victim, Sylvester Zottola, and USSG §3D1.2 precludes grouping if the counts involve more than one victim. Because the Probation Office's calculation misconstrues the nature of Mr. Codner's guilty plea and its underlying factual basis, it should be rejected.

In addition, as set forth in the *Statement of the Case*, above, Mr. Codner should be in criminal history category I.

As such, with a total offense level of 38 and in criminal history category I, the applicable range of imprisonment under the guidelines is 235-293 months.

### The Nature and Circumstances of the Offense

On July 11, 2018, Salvatore Zottola was shot repeatedly in front of his residence in the Bronx. Obviously, an attempted murder such as this is a critically serious offense. In

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 7

mitigation, I note, however, that Mr. Codner was not the shooter and his involvement was limited. He was recruited the evening before the shooting and his participation spanned therefore all of about 12 hours. He was the driver. He was uninvolved in other efforts to hurt Salvatore or Sylvester Zottola.

### The History and Characteristics of the Defendant

There is much to be said about the positive history and characteristics of Mr. Codner. The attached letters address this rather comprehensively but I also note that Mr. Codner has a minor criminal record (theft of a cell phone and $6 (without use of a weapon), shoplifting and misdemeanor possession of MDMA) and has otherwise maintained employment and pursued further education to find still more gainful employment. Indeed, at the time of his arrest, while engaged to be married, he was working full time and attending the Branford Institute to secure a license as a dialysis technician. He is also deeply religious and the principal emotional support for his large family. Under all of these circumstances, it seems safe to believe, the conduct at issue is aberrant, Mr. Codner will not re-offend and will, on the contrary, get married, start a family, take on legitimate, remunerative employment and gain standing in his community. At bottom, Mr. Codner is, and will continue to be, the "decent" man Judge Dearie assessed him to be.

### Unwarranted Sentencing Disparity (18 U.S.C. §3553(a)(6))

Pursuant to 18 U.S.C. §3553(a)(6), district courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See, also, Kimbrough v. United States, 552 U.S. 85, 108 (2007). The main purpose of the statute is to "minimize nationwide disparities." Nonetheless, the Circuit does not object to the district court's consideration of similarities and differences among co-defendants when imposing a sentence. See United States v. Wills, 476 F.3d 103, 110 (2d Cir. 2007).

Mr. Codner should be sentenced to far less time than co-defendants Blanco, Cummings and Peterson. As addressed above, Mr. Codner, who is not a gang member, was only briefly involved, and not as the shooter, in the July 11 attack of Salvatore that did not result in death. By contrast, Blanco, Cummings and Peterson are all gang members and had sustained and more important roles in the

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 8

violence perpetrated against Salvatore and Sylvester. As to these roles, Blanco helped to track Sylvester's vehicle and coordinated the shooting that resulted in Sylvester's death. Cummings gained access to Salvatore's residence with the intent to assassinate him for a sizable fee. And Peterson was recruited to assault Sylvester, which he did, and then he participated in a later effort to kill him. Of those three, Peterson was treated the most leniently with 192 months' imprisonment. Mr. Codner should fare far better.

### The Parsimony Clause

Mr. Codner has been detained for more than 51 months. In early 2019, the MDC, notorious for abuses of all kinds, suffered a power outage. This resulted in, for about a week and among other things, lockdown, darkness, no access to lawyers or family, frigid interior temperatures, no hot food, and no showers or other basic hygiene. Not long after power was restored, a second failure occurred with the same fallout. Conditions were barbaric and inhumane. The following year, Covid swept through the Country but it was especially pervasive and deadly in the congregant settings of a prison. Mr. Codner has twice suffered bouts of Covid and has watched many fellow prisoners die. Of course, the virus and its variants still coarse through the detention centers, and lockdowns, some of significant duration, are frequent events. Anxiety abounds even for those now vaccinated.

Mr. Codner has several, serious medical conditions, including abdominal pain, kidney stones and inflamed testicles, that have gone untreated despite persistent calls for help to "medical" at the detention centers and to the court.

In early 2022, Mr. Codner also lost his sister to a year-long bout with cancer. He was especially fond of her (she the eldest, he the only male and the youngest) and the inability to care for her during her illness and to be present for her funeral, created a deep and lasting sorrow. He finds the smallest of comfort in the Bible.

All this is to say that these particular 51 months have been especially hard for all federal detainees and for Mr. Codner in particular. Under the totality of circumstances, and under the Parsimony Clause, commanding that the term of imprisonment be not greater than necessary, Mr. Codner should be sentenced to time

Hon. Hector Gonzalez
United States District Judge
March 15, 2023
Page 9

served. In this regard, the Court will note that 51 months is a legal term, indeed, the offense of conviction allows for a zero-month term of imprisonment. Given that Mr. Codner had limited involvement in the July 11 event and no other involvement in the nearly year-long plan by Anthony Zottola to kill his father and brother, and the conditions of confinement to date, such a term would "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment." See 18 U.S.C. §3553(a)(2)(A). Such a term will adequately deter criminal conduct by others as it would send a message that even the lowliest of violent offenders will receive significant terms of imprisonment. It is also suggested that this type of deterrence will be more appropriately achieved in sentencing the more determined, active participants, some of whom have yet to be sentenced. Id. at (a)(2)(B). As argued above, the instant conduct appears aberrant, Mr. Codner is a model detainee with no disciplinary infractions, and 51 months is a significant first-time term of custody. The need for personal deterrence, thus, does not compel a greater term of imprisonment. Id. at (a)(2)(C). Finally, Mr. Codner does not appear to need additional education, training or care only the Bureau of Prisons can provide. No further programming would seem helpful or necessary. Id. at (a)(2)(D).

## CONCLUSION

For all of the foregoing reasons, Mr. Codner should be sentenced to time served, a sentence that would comply in all respects with the Parsimony Clause.

Respectfully submitted,

James M. Branden

Encs.

December 9, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

I just want to thank you for taking time to read my letter. My dear brother Arthur Codner is a very good person, and I beg you for leniency. My brother has spent the last five years in jail fighting for his life. Since in jail, he has become a better person, even before being in jail he was a great person.

Arthur was the one that always held our family together. He is the peacemaker of the family. Before my baby brother ended up in jail fighting for his life, he was working, helping his family out and being the best uncle and big brother to his nephews and nieces. Since my brother been gone we lost our dearest sister, and two cousins. This has really taken a toll on the family and him. Please have mercy on his life!


Sincerely,
Desi Codner

Gabriel Prince Hinds
gphinds99@gmail.com

December 15, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

I thank God for you and for the opportunity to get this message out to you. My name is Gabriel Prince Hinds. Arthur Codner is my cousin and close family. When one gets to really know him they learn that he is a reliable, trustworthy, caring, disciplined, giving, and God fearing individual.

I have always been inspired by Arthur. I look up to him continually. Given his situation, he still has the most positivity I have ever seen for a person in this position. I have a brother who is a police officer and has served in the military. He is very keen and precise with an amazing heart. He has always taught me well and how to be responsible. And although Arthur is not my brother I feel he has been a brother to me teaching me the same values.

Our entire family has been in so much pain since Arthur has been away. Arthur is a good person. I ask that you please be merciful to him. I lost my little brother in 2020 while Arthur was still sitting in jail. My little brother was the greatest kid I have ever known. His passing has done great damage to my mental state. Arthur would have been my support in that time, although he did his best to be there for me while in jail.

It just feels as though the devil has been attacking our family in recent years with death, illnesses and Arthur's incarceration. Our family has always been a praying and honest family with strength from God rooted from our ancestors. Arthur Codner is such a God fearing individual. He helps out in this world. Please, I beg you to allow Arthur to be with us again. Thank you for reading this letter. May you be blessed forever.

Respectfully,

Gabriel Prince Hinds

Joan Ransom

December 13, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

My name is Joan Ransom, Mr. Arthur Codner Jr's aunt. I have known him since his birth as I'm his mother's sister. We are a very close knit family.

Arthur Jr. has spent countless hours in my home with my children doing the things children do such as playing, celebrating birthdays and the various holidays. As a child he was never mean spirited or unkind to anyone. He was the one they ran to for help. He was and has remained very respectful to me as a child and as an adult. Arthur Jr. is my nephew, I love him, believe in him and I know grace and justice will be upheld.

Our last face to face encounter was Thanksgiving 2018. He was very focused and excited about his life and his future. He was employed and was grateful to be working. He was and still is in a serious relationship. He was determined to develop a personal relationship with God. We talked about personal relationships not being about getting gifts we can't afford but in the quality of the time spent with family and friends.

December 2018 I was quite shocked to hear of his arrest. The nephew that I know is not a hateful vengeful person much less someone who would try to take another person's life. Arthur Jr. is a productive member of society. He does not expect hand outs and he doesn't want anyone feeling sorry for him. He has a lot to offer this world and my prayer is that he will be given that opportunity to show us how God has been working in his life during this most difficult time. Thank you, your Honorable Judge Dearie for your time.

Sincerely,

Joan Ransom
321-432-9938

Joseph Rivera
Monroe, NY, 10950
(917)345-0051
Joerivera93@gmail.com


December 12, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

I Joseph Rivera would first like to thank you for the opportunity in hearing my voice in shedding light to the character of Arthur Codner. I have known Arthur since 2009 when I was sophomore in high school, so roughly about 13 years. Arthur is more than just a friend to me he is someone I consider a genuine brother. Someone who has always checked on my well-being, made sure my spirits were lifted high in troubled times. He encourages all to reach their full potential in whatever they aspire to achieve and never gives up on people even when they give up on themselves. His positive nature makes him a go to person in any crisis situation. He is a true blessing to his family and friends.

In spite of his current unfortunate situation he remains compliant, respectful and courteous during his incarceration, the ideal inmate. Although no one is perfect and we all make mistakes, myself included. The one thing that I can vouch for concerning Arthur that sets him apart from others is his dedication to becoming a better human being.

As I bring this letter to a close I respectfully request that you carefully consider this character letter and the information present about Arthur Codner before finalizing your verdict on the matter. I believe with your professional experience your decision will be made fair and just. Thank you again Honorable Judge Dearie.


Sincerely yours,


Joseph Rivera

Karlene Kelly
kelkar256@yahoo.com

December 14, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

I am a close family friend and I have known Arthur (affectionately called Junior) for over 25 years. Being the only boy with four older sisters he was warm, loving, kind and gentle. He was always pleasant and courteous whenever I visited with his family, Over the last years he had accepted the Lord and attended church regularly. He was looking forward to having a wife and family.

Despite being the youngest child Arthur displayed a sense of maturity and was always protective of his sisters. He would always volunteer to lift the heavier loads from grocery shopping and help with chores around the house. As he grew up he always had a job making it easier on his parents and he is a very good cook. Your honor, we are hoping and trusting that as you make the decision and judgement you will temper it with mercy, thanking you kindly for your favored consideration.

Sincerely,

Karlene Kelly

Arthur and Lorna Codner
205 Gardnerville Rd.
New Hampton, NY 10958

December 14, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

Our names are Lorna and Arthur Codner, Sr., parents of Arthur Codner Jr. June 26, 1988 was one joyful day for us in having our first, and only, son. We all, including his four sisters, were overjoyed to have him. Raising our son was a beautiful and happy experience. He was a happy child and loved to read, but most of all his favorite pastime was art. As he got older, we noticed a uniqueness about him, he loved to cook at an early age. He would make breakfast for his nieces and nephews, and even at times he tried to make me breakfast in bed after working long shifts as a Dialysis Nurse.

We found to realize how kind and loving my son was. Growing up as a teenager was typical, if he made a mistake he was never afraid to say he was sorry. He is a patient and peaceful person.

He has been incarcerated for four years, and has demonstrated a calm and peaceful demeanor, even in the midst of the pain of Covid-19. While there he has endured contracting covid twice, kidney stones, and reduced vision and now he must wear glasses. With all of that he endured and maintained peace and calmness throughout the four years of incarceration. He has never been disruptive or combative to staff or inmates, even through the tough times without heat or water in sub-degree weather for a whole week during the fire that caused a blackout at MDC.

Your Honor, it has been a stressful and hectic four years that our family has endured. So we come before you, today, asking for leniency and mercy for our only son. He has accepted any wrongdoing, and will accept the court's action, and we give our son one hundred percent support both physically and emotionally, always. We will provide him all the support he needs to help him pull himself through to live again. With a thankful heart I ask, respectfully, for leniency.

Sincerely,
Arthur Codner, Sr. and Lorna Codner

Monique Alexander

December 16, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

My name is Monique Alexander, the sister of Arthur Codner Jr. Thank you for taking the time to read my letter. Ever since my brother was born, he instantly became my favorite sibling. I loved to dress him and see him grow. Over the years growing up I watched my brother play basketball and draw. I loved to draw, and I think that's where we bonded the most.

I joined the military, and he would come to visit me when he got the chance to. Sometimes military life can get lonely especially being away from my family. We have a very joking and loving relationship which is one of the ways he would keep my head up by making me laugh. He was always so helpful, and I appreciated all the moments we had. I moved from Germany to Georgia, and he was right there to help me move into my new space. I am quite a bit older than him, so it was sweet to see my baby brother try to be my big brother.

My brother loves family togetherness, and certainly loves his family as we do him. I am so saddened by the turn of events that has transpired. Talking to him I hear someone who is sad but also loves God and has taken a huge step in strengthening that relationship that he already had in his faith. We lost our sister this year to cancer and the thought of losing him is just as unbearable. I ask that leniency be given to my brother. He has an entire family who is behind him to provide all the support he needs.

Sincerely,

Monique Alexander
229-561-7022

Samantha Williams
1029 Duxbury Rd
Palm Bay FL 32909
321-507-7565


December 9, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie

I am writing this letter begging for leniency for my cousin Arthur Codner. We grew up together. He was always a good role model never getting into trouble so when I heard about this I was shocked.

I hope you can see the good in him when making a decision in regards to his sentencing. He has family that loves him and he has already missed out on so much. As a veteran and registered nurse that cares for people daily, please find it in your heart to be kind.


Sincerely,


Samantha Williams

Tiffany Codner
tiffany_codner@yahoo.com

December 15, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

My name is Tiffany Codner. I am the big sister of Arthur Codner Jr., whom we affectionately call Angel. He is the youngest of our family and our parent's only son. Growing up, we were very protective of each other and were raised to work hard and pursue our goals and strive for the best.

Like my parents, we worked hard so that our children could have a better life. I am the second oldest of five children. I left home at an early age and started my own family. When I left home, Angel was still very young and was always a kind and loving little brother. He has always been very loving and loved to cook. Though he has no children of his own, he has a host of nieces, nephews and extended family who love and support him alike. We were all shocked to hear of this situation because we know that this is not who he is or what he is capable of.

Our family has been hit hard with trauma after trauma for the last few years. My younger sister was diagnosed with cancer in 2019, our dad was diagnosed with cancer in 2020, our older sister was diagnosed with a very rare form of cancer in 2021 and died in March of 2022. Our only brother being incarcerated during all of these unfortunate events and unable to share in the grief we all share as a family has been very hard. These events that have caused my brother years of his life has been like a cancer as well, slowly eating away at the life he once knew and the man we all knew him to be. My parents have suffered a great deal with these events that have plagued our family.

I humbly ask, that your Honorable Judge Dearie have mercy on my little brother. He really is a good person with a lot to offer. Please give him the opportunity to prove who he really is and give back to society and his family the goodness that has been and is being poured into him.


Sincerely,

Tiffany Codner, RN

Toni Smith
40 E. Sidney Ave. apt #5B
Mount Vernon, NY 10550

December 2, 2022

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza
East Brooklyn, NY 11201

Dear Honorable Judge Dearie,

Arthur and I met back in the summer of 2014. Initially I was all set to blow him off because he is 8 years my junior and lived about an hour and a half away from me, but after our first phone call, which lasted several hours, I knew he was different. Before I knew it we were always together. We were inseparable. Early on he revealed himself to be incredibly mature and wise beyond his years.

He is a loving family man. I saw how he would always be there for his family and loved ones, and I ll admit, sometimes to my chagrin, because he would run to them at the drop of a hat when they needed him and his family is quite large! Four sisters, one who sadly passed away from cancer this year, over a dozen nieces, nephews and cousins. Family would call him for advice or for help and he was there. That family oriented nature was a big positive for me.

He is honest to the point where it can make one a little uncomfortable, but his intentions are good. You can speak with him about anything and never feel judged. I know he always has my back and always wants the best for me. He s my biggest cheerleader.

I knew that I had met my husband in Arthur when he shared his testimony of faith in God with me. It was so powerful I was certain he was the one I had been praying for! He is the kindest, most loving soul. He would give you the shirt off his back, a place to stay, and food to eat. Speaking of eating, Arthur is an amazing self taught chef! He could come up with delicious creations out of his head. Often times he would cook big meals for his family. It would be an anchor to get everyone together and talk about life's issues and try to problem solve. Arthur loves to do that. Even now with the inmates at Hudson County and previously at the MDC in Brooklyn, Arthur would make meals for them, pray and share the gospel. Arthur is a lover of art, music, films, books and writing. He has read the Bible several times and countless books in these four years.

I would always joke that he could make friends with a plant. All walks of life would be attracted to him and Arthur would just want to sit down and get to know a person and their story and see if he could help them in some way. I see now that these were the beginning stages of what would be his ministry in

helping people to get closer to God. He always wants to leave people better than when he first saw them. Arthur is a great man of faith and that has only been strengthened since he has been incarcerated. As painful and tragic as this has all been, the mental, emotional, and physical suffering he has endured while inside has only served to better his character.

Before all of this happened Arthur and I were planning our future together. A wedding and furthering our education. We had both gone back to school to obtain better jobs in the medical field, me in diagnostic medical ultrasound and he in hemodialysis. We were always so happy together, always laughing and having fun. To say that life has not been the same since he s been gone is an understatement. Half of my heart is not with me and I ve had several bouts of depression and borderline breakdowns since December 2018. Only the grace of God has kept me standing. I desperately need my best friend back. Your honorable Judge Dearie, I implore you to please be lenient on Arthur and grant him the opportunity to return home to me and his family so we may reclaim our lives together.

Respectfully,


Toni Smith

914-320-0860